Filed 1/10/24  P. v. Rossier CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JAZMIN ROSSIER,<br><br>        Defendant and Appellant. | B323884<br><br>(Los Angeles County<br>Super. Ct. No. BA272661) |

        APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Reversed and remanded with directions.

        Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 2008 Jazmin Rossier was convicted of second degree murder and attempted premeditated murder for crimes she committed when she was 16 years old.  In 2020 she filed a petition for resentencing under Penal Code former section 1172.95 (now section 1172.6),[1] which provides a procedure for an individual convicted of felony murder or murder under the natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under changes to sections 188 and 189 pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.).  The trial court granted Rossier's petition with respect to the attempted murder count but denied it with respect to the murder count.  Rossier filed a motion to remand the case to the juvenile court under Proposition 57, The Public Safety and Rehabilitation Act of 2016 (Cal. Const., art. I, § 32) (Proposition 57), which reformed the process by which criminal cases may be filed against juveniles in adult criminal court.  The court denied the motion on the basis the court had not resentenced Rossier on the murder count, keeping the sentence the same.

Rossier contends, the People concede, and we agree she was entitled to a remand under Proposition 57 in light of the trial court's order granting her petition for resentencing on the attempted murder count, even though the court denied her petition on the murder count, and further, the new burden of proof of clear and convincing evidence will apply to the hearing

---

[1]     Further undesignated statutory references are to the Penal Code.

under Assembly Bill No. 2361 (2021-2022 Reg. Sess.) (Assembly Bill 2361).

## FACTUAL AND PROCEDURAL BACKGROUND

As we described in our opinion in *People v. Flores* (July 19, 2010, B211207) (nonpub. opn.), Rossier, her boyfriend Bryan Sanchez, and Rafael Fuentes were members of the 18th Street criminal street gang. On August 29, 2003 the group and other 18th Street gang members met to discuss tagging (spraying paint or using a thick marker) in an area controlled by a rival gang. After the meeting, Sanchez, who was carrying a handgun, drove a stolen minivan with Rossier, Fuentes, and other 18th Street gang members to the rival gang neighborhood. When they arrived, Sanchez used spray paint to cross out the rival gang's graffiti and overwrite it with an identifier of the 18th Street gang. A confrontation ensued between Sanchez and a rival gang member, and Fuentes shot and killed the rival gang member.

The jury convicted Rossier of second degree murder (§ 187, subd. (a); count 1) and attempted, willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664; count 2). The jury also found true the gang allegation (§ 186.22, subd. (b)(1)) and that the murder was committed by shooting a firearm from a motor vehicle within the meaning of section 190, subdivision (d). The trial court sentenced Rossier to an aggregate state prison sentence of 20 years to life.

On December 2, 2020 Rossier filed a petition for resentencing under former section 1170.95 stating Rossier was entitled to resentencing because she was convicted under the natural and probable consequences doctrine. The trial court

appointed counsel, issued an order to show cause, and set an evidentiary hearing.  On June 2, 2022, after hearing argument of counsel, the trial court found the People met their burden to prove beyond a reasonable doubt that Rossier was guilty on count 1 of second degree murder under current law and denied the petition as to that count.  However, the court found with respect to count 2 for premeditated attempted murder, the People had not met their burden, and the court granted the petition on that count.  Rossier's attorney argued Rossier should be resentenced on the remaining murder count and the case should be remanded to the juvenile court.  The court denied Rossier's motion for resentencing on count 1 without prejudice to Rossier filing a motion for resentencing and remand for a transfer hearing.

On June 23, 2022 Rossier filed a motion to remand the case to juvenile court in light of Proposition 57.  Rossier argued she was entitled to a transfer hearing because she committed the crimes when she was 16 years old and her convictions were not yet final.  On August 1, after hearing argument on the motion, the court granted the People's motion to dismiss count 2 for attempted murder under section 1385 in the interest of justice (over Rossier's objection).  The court denied Rossier's motion to transfer the case, explaining "the sentence [on count 1] would have to be recalled and that would have to occur before any resentencing.  This court has not recalled the sentence as to count number 1 and since the court has not recalled the sentence as to count number 1, there is no jurisdiction."  Therefore, "the judgment and sentence as to count number 1 remains."

Rossier timely appealed the order denying Rossier's motion to remand.

## DISCUSSION

Rossier contends, the People concede, and we agree Rossier was entitled to a remand of the case to the juvenile court for a retroactive transfer hearing at which the clear and convincing standard of proof would apply.

Under Proposition 57, prosecutors must "commence all cases involving a minor in juvenile court." (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 87; accord, *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305-306 (*Lara*).) Further, under Proposition 57, as amended by Senate Bill No. 1391 (2017-2018 Reg. Sess.), prosecutors may move to transfer a minor from juvenile court to adult criminal court, provided the minor was not under the age of 16 at the time of the offense. (*O.G.*, at p. 87; *People v. Ramirez* (2021) 71 Cal.App.5th 970, 971-972.)

In *Lara, supra*, 4 Cal.5th at page 304, the Supreme Court held Proposition 57 applies retroactively to "all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." The *Lara* court remanded for the juvenile court to hold a retroactive transfer hearing to determine whether the defendant would have been fit for treatment under juvenile law, and if so, for the juvenile court to treat the convictions as juvenile adjudications and impose an appropriate disposition. (*Id.* at pp. 310, 313.)

Section 1172.6, subdivision (d)(3), provides that "[i]f the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." Therefore, upon finding the prosecution had not met its burden with respect to the attempted murder count, the trial court was required to vacate Rossier's conviction for attempted murder and resentence Rossier on count 1 for murder. That the sentence on count 1 remained the same does not change the fact that Rossier was resentenced, which rendered her conviction for murder nonfinal for purposes of retroactive application of Proposition 57. (See *People v. Padilla* (2022) 13 Cal.5th 152, 161-162 [defendant's sentence became nonfinal after initial sentence of life without parole was vacated and superior court resentenced him (again) to life without possibility of parole]; *People v. Ramirez, supra*, 71 Cal.App.5th at p. 996 [where sentence is vacated under former section 1170.95, defendant must be resentenced, which renders his sentence nonfinal for purposes of Proposition 57 and Senate Bill No. 1391].) Therefore, as in *Lara*, the trial court erred in failing to remand the case to the juvenile court for a retroactive transfer hearing to determine whether Rossier would have been fit for treatment under juvenile law, and if so, for the juvenile court to treat the remaining conviction as a juvenile adjudication and impose an appropriate disposition.

Moreover, effective January 1, 2023, Assembly Bill 2361 amended Welfare and Institutions Code section 707 to provide that the juvenile court must apply a clear and convincing standard of proof in deciding whether the minor is suitable for treatment. Section 707, subdivision (a)(3), now provides, "In

6

order to find that the minor should be transferred to a court of criminal jurisdiction, the court shall find by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court." The amendment "changed the finding a juvenile court must make before ordering a transfer in two ways: (1) raising the standard of proof and (2) requiring a new specific finding regarding amenability to rehabilitation." (*In re S.S.* (2023) 89 Cal.App.5th 1277, 1284.)

We agree with Rossier and the People that Assembly Bill 2361 applies retroactively to Rossier's case. As the Court of Appeal explained in *In re S.S., supra*, 89 Cal.App.5th at pages 1288 to 1289, the amendments to Welfare and Institutions Code section 707 "have similar ameliorative effects to amendments made to section 707 by Proposition 57." Further, the amendments "make it more difficult to transfer juveniles from juvenile court, which similarly reduces the possible punishment for juveniles." *(In re S.S.*, at p. 1289.) Therefore, because Rossier's sentence on count 1 is no longer final, the amendments to section 707, including the clear and convincing burden of proof, will apply to the transfer hearing in the juvenile court.

## DISPOSITION

The order is reversed. The matter is remanded to the trial court with directions to enter a new order vacating Rossier's attempted murder conviction and to transfer the matter to the juvenile court for a retroactive transfer hearing at which the

7

juvenile court must apply amended Welfare and Institutions Code section 707, including the clear and convincing burden of proof.

FEUER, J.

We concur:

SEGAL, Acting P. J.

MARTINEZ, J.